# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CARY D. MORRIS, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | No. 17 C 6554 |
|     v. ) | |
| ) | Magistrate Judge M. David Weisman |
| NANCY A. BERRYHILL, Deputy ) | |
| Commissioner for Operations, ) | |
| performing the duties and functions ) | |
| not reserved to the Commissioner ) | |
| of Social Security, ) | |
| ) | |
|     Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Cary D. Morris appeals the Social Security Administration's ("SSA's") decision denying his application for Social Security benefits. For the reasons set forth below, the Court reverses the SSA's decision.

## Background

Plaintiff filed an application for benefits on February 3, 2014, alleging a disability onset date of May 25, 2012. (R. 102-04.) His application was denied initially on July 7, 2014 and again on reconsideration on April 9, 2015. (R. 102, 115.) Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on July 12, 2016. (R. 41-96.) On November 17, 2016, the ALJ issued a decision denying plaintiff's application. (R. 19-35.) The Appeals Council denied review (R. 1-3), leaving the ALJ's decision as the final decision of the SSA. *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

**Discussion**

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although this standard is generous, it is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002) (citation omitted).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520(a). The SSA must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity to perform her past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). The claimant bears the burden of proof at steps one through four. 20 C.F.R. § 404.1560(c)(2); *Zurawski*, 245 F.3d at 886. If that burden is met, at step five, the burden shifts to the SSA to establish that the claimant is capable of performing work existing in significant numbers in the national economy. 20 C.F.R. § 404.1560(c)(2).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity from the alleged onset date, May 25, 2012, through his date last insured ("DLI"), September 30, 2016. (R. 21.) At step two, the ALJ determined that, through the DLI, plaintiff had the severe impairments of "diabetes mellitus, peripheral neuropathy, and other disorders of the gastrointestinal system." (R. 22.) At step three, the ALJ found that, through the DLI, plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (R. 25.) At step four, the ALJ found that, through the DLI, plaintiff was unable to perform any past relevant work (R. 33) but retained the residual functional capacity ("RFC") to:

> Perform light work . . . except that [he] can occasionally climb ramps and stairs, but never climb ladders, ropes or scaffolds. The claimant can occasionally push and pull with the bilateral upper extremities. The claimant should avoid concentrated exposure to extreme cold defined as less than 32 degrees Fahrenheit. The claimant should avoid concentrated exposure to vibration, hazardous machinery and unprotected heights.

(R. 27.) At step five, the ALJ found that, through the DLI, jobs existed in significant numbers in the national economy that plaintiff could perform, and thus he was not disabled. (R. 34.)

Plaintiff contends that the ALJ improperly rejected the opinions of plaintiff's treating physician, Dr. Howd. (*See* R. 32 (ALJ stating that he did not give "controlling or even significant weight" to Dr. Howd's opinions).) An ALJ must give a treating physician's opinion controlling weight if "it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(c)(2); *Scott v. Astrue*, 647 F.3d 734, 739 (7th Cir. 2011). "If an ALJ does not give a treating physician's opinion controlling weight, the regulations require the ALJ to consider the length, nature, and extent of the treatment relationship, frequency of examination, the physician's specialty, the types of tests performed, and the consistency and supportability of

3

the physician's opinion." *Moss v. Astrue*, 555 F.3d 556, 561 (7th Cir. 2009); *see* 20 C.F.R. § 404.1527(c).

Dr. Howd, through his advanced practice nurse Shannon Jarot, opined that plaintiff's neuropathy made him incapable of performing even low stress jobs. (R. 554.) The doctor also said that plaintiff: (1) has difficulty walking, muscle weakness, and loss of manual dexterity; (2) can walk for only one block; (3) can sit for only thirty minutes at a time; (4) can sit, stand, or walk for less than two hours of an eight-hour workday; (5) can frequently lift ten pounds but never lift fifty pounds; (6) cannot climb stairs or ladders and can rarely crouch; and (7) should avoid all exposure to, among other things, "[e]xtreme cold." (R. 553-56.)

However, Dr. Howd's sparse clinical findings, that plaintiff has a pressure ulcer on his left foot, a "wide based gait," and "[p]oor tandem [walking]" (R. 489, 553), do not support these limitations. Nor do the findings of the consultative examiners ("CEs"), Drs. Lopez and Taiwo, both of whom noted that plaintiff's sensory response to light touch in his extremities is diminished but also said that plaintiff has a normal gait, can walk toe to heel, has 5/5 grip strength in both hands and normal ability to grasp and manipulate objects, and has normal range of motion in his shoulders, elbows, wrists, hips, knees, and ankles. (R. 496, 541.) In short, the ALJ's conclusion that the medical evidence, including the CEs' findings, does not support the limitations endorsed by Dr. Howd is not erroneous.[1]

Plaintiff also asserts that the ALJ did not evaluate the statements of plaintiff's wife in accordance with SSR 06-3p, which governed evaluating statements from non-medical sources at

---

[1] Dr. Howd's opinions are also undercut by statements made by plaintiff and his wife. (*See* R. 493 (plaintiff telling CE that he could walk for one mile, stand and sit, handle and manipulate objects, lift and carry 100 pounds, and climb five flights of stairs); R. 63 (plaintiff testifying that he recently lifted and carried a fifty-pound bag of salt pellets); R. 66 (plaintiff testifying that he spends five or six hours a day sitting); R. 68-69 (plaintiff testifying that he plays the bass guitar); R. 295-97 (plaintiff's wife's statement that plaintiff does laundry and dishes, sweeps, mows the lawn, and uses a weed whacker).)

4

the time of the ALJ's decision. The guidance states that "[i]nformation from . . . 'other sources' [such as spouses] cannot establish the existence of a medically determinable impairment" but "may provide insight into the severity of the impairment(s) and how it affects the individual's ability to function." SSR 06-3p, *available at* https://www.ssa.gov/OP_Home/rulings/di/01/SSR2006-03-di-01.htm (last visited June 20, 2018). It also says that statements from other sources "who have had contact with the individual in their professional capacity, such as teachers, school counselors, and social welfare agency personnel" should be evaluated using the regulatory factors applicable to evaluating medical opinions. *Id.*; *see* 20 C.F.R. § 404.1527(c) (setting forth the factors used to evaluate medical opinions). Plaintiff faults the ALJ for not applying these factors to the statements of plaintiff's wife, but because plaintiff did not have contact with his wife in a professional capacity, the factors were inapplicable. Thus, the ALJ's failure to mention the factors in evaluating the statements of plaintiff's wife was not error.

Plaintiff's last argument, that the ALJ erred by fashioning a light work RFC, is on firmer ground. Agency reviewer Smith, whose opinion the ALJ purported to endorse (*see* R. 31), recommended a medium work RFC. (*See* R. 110); *see also* 20 C.F.R. § 404.1567(c) ("Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work."). But the ALJ found that plaintiff was capable "at most" of performing light exertional work. (R. 32.) The ALJ said he departed from the medium work RFC recommended by Smith "based on the additional evidence at the hearing level along with testimony detailed within th[is] decision." (R. 31-32.) The ALJ did not, however, indicate what testimony supported the light work RFC generally, or the temperature restriction of 32 degrees

5

specifically, about which the record is silent. (*See* R. 488 (plaintiff's statement to Dr. Howd that he "cant [sic] tolerate temperature less than 40 [degrees] due to pain in hands"); R. 556 (Dr. Howd opining that plaintiff should avoid all exposure to "[e]xtreme cold").) Though the ALJ is responsible for assessing the RFC, *see* 20 C.F.R. § 404.1546(c), that assessment must have an identified evidentiary basis, which is lacking in this case. *See Craft v. Astrue*, 539 F.3d 668, 677-78 (7th Cir. 2008) (ALJ must build "an accurate and logical bridge" between the evidence and the RFC) (internal quotation marks omitted). The SSA argues that Dr. Lopez's opinion does "not undermine the ALJ's findings," and Dr. Nenaber "concluded that plaintiff had no functional limitation." However, neither of these assertions explains the evidentiary basis for the ALJ's conclusion as to plaintiff's RFC. Thus, these arguments are unavailing.[2] Accordingly, this case must be remanded for the ALJ to identify the evidence that supports the RFC.[3]

**Conclusion**

For the reasons set forth above, the Court denies the SSA's motion for summary judgment [21], reverses the SSA's decision, and remands this case for further proceedings consistent with this Memorandum Opinion and Order.

**SO ORDERED.**  ENTERED: June 25, 2018

**M. David Weisman**
**United States Magistrate Judge**

---

[2] William Lopez, M.D, was the state agency consultative examiner. (R. 493-97.) Michael Nenaber, M.D., was the state agency reviewer. (R. 99.)
[3] Plaintiff also contends that the ALJ's subjective symptom analysis is flawed. Because that analysis is intertwined with the RFC assessment, it will have to be revisited on remand as well.

6